## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JESUS CHRIST, et al.,

                Plaintiffs,

    v.

COMMONWEALTH        OF
PENNSYVANIA, et al.,

                Defendants.

CIVIL ACTION NO. 1:22-CV-01084

(MEHALCHICK, M.J.)

## ORDER

Presently before the Court is a complaint filed by *pro se* Plaintiff "Jesus Christ, a Person, GOD, the Eternal Resurrected Spirit, Tenant of Indigenous Land Estate MICHAEL SCOTT SMITH JR.," with Franklin County Prison ID 21-00356 ("Plaintiff"), against Defendants the Commonwealth of Pennsylvania, "District Council 89 of the Commonwealth of Pennsylvania Members," Franklin County Prison, Franklin County Court of Common Pleas 39th District of Commonwealth of Pennsylvania, the Unites States of America, Franklin County District Attorney, and the Federal Reserve Bank (collectively, "Defendants"), on July 11, 2022, pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). On July 27, 2022, Plaintiff filed a motion for leave to proceed *in forma pauperis* and a Prisoner Trust Fund Account Statement. (Doc. 5). Plaintiff is an inmate incarcerated at the Franklin County

---

[1] In his complaint, Plaintiff identifies two plaintiffs: Jesus Christ and Michael Scott Smith Jr. (Doc. 1, at 2). However, Plaintiff directs the Court to send correspondence to Franklin County Prison, where Michael Scott Smith Jr., is incarcerated, appears to include the Franklin County Prison inmate number assigned to Michael Scott Smith Jr., and attached to Plaintiff's motion for leave to proceed *in forma pauperis* is a Prisoner Trust Fund Account statement for Michael Scott Smith, Jr.. (Doc. 1, at 2; Doc. 5, at 4). Accordingly, the Court has determined that Michael Scott Smith Jr., is the sole plaintiff in this action.

Prison, located in Chambersburg, Pennsylvania. (Doc. 1, at 2). From what can be gleaned from the instant pleading, Plaintiff asserts "a legal lawful claim of right and inheritance of the estate, Michael Scott Smith Jr." (Doc. 1, at 4). Plaintiff requests injunctive relief in the form of "placing a Barr and Estopple against all defendants who may or may not actively be engaging in use of Personal Private Property of [Smith]," and issuing an Order to "Barr and Freez[e] all claims against [Smith] for payment or usage of credits or interest of any kind and in any amount whether it be for tax, fee or collection or change or discharge by the Defendants." (Doc. 1, at 7-8). The Court cannot discern what right Plaintiff is alleging was violated.

The Prison Litigation Reform Act ("PLRA") includes a "three strikes" rule, "which limits a prisoner's ability to proceed [*in forma pauperis*] if the prisoner abuses the judicial system by filing frivolous actions." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). Accordingly, upon preliminary review of Plaintiff's complaint and concurrently filed motion for leave to proceed *in forma pauperis*, and an electronic search of his publicly available court records on PACER, the Court directs Plaintiff to show cause why he has not accumulated "three strikes" within the meaning of 28 U.S.C. § 1915(g).[2]

The statutory text of the "three strikes rule" provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

---

[2] The Court takes judicial notice of the following publicly available records, and related judicial opinions, involving Davis's prior civil actions and appeals brought in this Court and Circuit: *Smith v. United States*, No. 1:21-CV-1422, 2022 WL 245479, at *2 (M.D. Pa. Jan. 25, 2022)*; Smith v. Commonwealth of Pennsylvania*, No. 1:21-CV-01181, 2022 WL 108610 (M.D. Pa. Jan. 11, 2022)*; Smith v. Franklin Cty. Ct. of Common Pleas*, No. 1:21-CV-1032, 2021 WL 5330753, at *3 (M.D. Pa. Nov. 16, 2021); and *Smith v. Law Office of Eric J. Weisbrod P.C.*., No. 1:21-CV-01243 (M.D. Pa. Sept. 14, 2021), ECF No. 12.

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit has clarified the language of the "three strikes" statute, holding that "[i]n order for an action to be 'brought' under § 1915(g), a litigant's complaint must be filed with the District Court." *Brown v. Sage*, 903 F.3d 300, 306 (3d Cir. 2018). Specifically, a complaint is deemed filed once a "litigant has paid the filing fees or [] his motion to proceed IFP has been granted." *Sage*, 903 F.3d at 306. The Third Circuit has further described the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g) as follows:

[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

In addition, a "strike" takes effect once an action is dismissed on the grounds enumerated in *Byrd*, "even if the dismissal is the subject of an appeal." *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 149–50 (3d Cir. 2017).

The Third Circuit Court has determined that Plaintiff has accumulated three strikes.[3] Accordingly, Plaintiff is hereby **ORDERED** to show cause, on or before **Monday, August 15, 2022**, why the dismissal of Smith's prior actions with prejudice should not be considered strikes against him per the terms of the PLRA, or, alternatively, how Plaintiff was under imminent danger of serious physical injury at the time the instant complaint was filed. *See* 28 U.S.C. § 1915(g).

**BY THE COURT:**

**Dated: August 1, 2022**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**

---

[3] The three strikes include: *Smith v. United States*, No. 1:21-CV-1422, 2022 WL 245479, at *2 (M.D. Pa. Jan. 25, 2022) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Smith v. Commonwealth of Pennsylvania*, No. 1:21-CV-01181, 2022 WL 108610 (M.D. Pa. Jan. 11, 2022) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Smith v. Franklin Cty. Ct. of Common Pleas*, No. 1:21-CV-1032, 2021 WL 5330753, at *3 (M.D. Pa. Nov. 16, 2021) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); and *Smith v. Law Office of Eric J. Weisbrod P.C.*, No. 1:21-CV-01243 (M.D. Pa. Sept. 14, 2021), ECF No. 12 (dismissed with prejudice pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)).