UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS CHRIST, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 1:22-CV-01084 |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

On July 11, 2022, *pro se* Plaintiff "Jesus Christ, a Person, GOD, the Eternal Resurrected Spirit, Tenant of Indigenous Land Estate MICHAEL SCOTT SMITH JR.," with the Franklin County Prison ID No. 21-00356 ("Plaintiff"), initiated this civil rights action by filing a complaint on July 11, 2022, pursuant to 42 U.S.C. § 1983, against Defendants the Commonwealth of Pennsylvania, "District Council 89 of the Commonwealth of Pennsylvania Members," Franklin County Prison, Franklin County Court of Common Pleas 39th District of Commonwealth of Pennsylvania, the United States of America, Franklin County District Attorney, and the Federal Reserve Bank (collectively, "Defendants").[1] (Doc. 1). Plaintiff is an inmate incarcerated at the Franklin County Prison, located in Chambersburg, Pennsylvania. (Doc. 1, at 2). Plaintiff filed a motion to proceed *in forma pauperis* on July 27, 2022. (Doc. 5). On August 1, 2022, the Court ordered Plaintiff to show

---

[1] In his complaint, Plaintiff identifies two plaintiffs: Jesus Christ and Michael Scott Smith Jr. (Doc. 1, at 2). However, Plaintiff directs the Court to send correspondence to Franklin County Prison, where Michael Scott Smith Jr., is incarcerated, which appears to include the Franklin County Prison inmate number assigned to Michael Scott Smith Jr., and attached to Plaintiff's motion for leave to proceed *in forma pauperis* is a Prisoner Trust Fund Account statement for Michael Scott Smith, Jr. (Doc. 1, at 2; Doc. 5, at 4). Accordingly, the Court has determined that Michael Scott Smith Jr., is the sole plaintiff in this action.

cause as to why the dismissal of Smith's prior actions with prejudice should not be considered strikes against him per the terms of the Prison Litigation Reform Act ("PLRA"), or, alternatively, how Plaintiff was under imminent danger of serious physical injury at the time the instant complaint was filed. (Doc. 6); *see* 28 U.S.C. § 1915(g). As of the day of this Order, Plaintiff has declined to address the applicability of the three strikes rule under the PLRA.

For the reasons stated herein, Plaintiff's motion for leave to proceed *in forma pauperis* will be DENIED. (Doc. 5).

## I. DISCUSSION

The PLRA includes a "three strikes" rule, "which limits a prisoner's ability to proceed [*in forma pauperis*] if the prisoner abuses the judicial system by filing frivolous actions." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); 28 U.S.C. § 1915(g). The pertinent part of the PLRA provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit has clarified the language of the "three strikes" statute, holding that "[i]n order for an action to be 'brought' under § 1915(g), a litigant's complaint must be filed with the District Court." *Brown v. Sage*, 903 F.3d 300, 306 (3d Cir. 2018). Specifically, a complaint is deemed filed once a "litigant has paid the filing fees or [] his motion to proceed IFP has been granted." *Sage*, 903 F.3d at 306. The Third Circuit has further described the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g) as follows:

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

However, a dismissal for failure to state a claim does not constitute a "strike" for the purposes of 1915(g) "unless it is a dismissal *with* prejudice." *Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017)). In addition, a "strike" takes effect once an action is dismissed on the grounds enumerated in *Byrd*, "even if the dismissal is the subject of an appeal." *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 149–50 (3d Cir. 2017). Moreover, the burden rests with the plaintiff to prove his or her entitlement to *in forma pauperis* status. *See Reid v. Ebbert*, No. 1:16-CV-01403, 2016 WL 6635931, at *2 (M.D. Pa. Nov. 8, 2016).

Upon considering the aforementioned legal guideposts, the Court's order to show cause (Doc. 5) identified four prior federal actions, deemed filed by Plaintiff, that were dismissed with prejudice:

1. *Smith v. United States,* No. 1:21-CV-1422, 2022 WL 245479, at *2 (M.D. Pa. Jan. 25, 2022) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B));

2. *Smith v. Commonwealth of Pennsylvania*, No. 1:21-CV-01181, 2022 WL 108610 (M.D. Pa. Jan. 11, 2022) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii));

3. *Smith v. Franklin Cty. Ct. of Common Pleas*, No. 1:21-CV-1032, 2021 WL 5330753, at *3 (M.D. Pa. Nov. 16, 2021) (dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); and

4. *Smith v. Law Office of Eric J. Weisbrod P.C.*, No. 1:21-CV-01243 (M.D. Pa. Sept. 14, 2021), ECF No. 12 (dismissed with prejudice pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)).

3

The Court finds that Plaintiff's prior filings all constitute strikes for the purposes of § 1915(g).

As such, in order to proceed *in forma pauperis*, Plaintiff must allege facts showing that he was "under imminent danger of serious physical injury" at the time he filed the complaint. *See Abdul-Akbar*, 239 F.3d at 315 (overruling *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross,* 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs,* 116 F.3d at 86. Imminent dangers are those dangers which are about to occur at any moment or are impending. *Abdul–Akbar,* 239 F.3d at 315 (Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."). Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' *i.e.*, allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross,* 160 F.3d 962, 967 (3d Cir. 1998) (citing *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. *See Denton,* 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.
>
> *Brown,* 331 F. App'x at 900.

Further, when weighing the imminence of a danger the Court is enjoined that:

> "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* "By using the term 'imminent,' Congress indicated that it wanted to ... prevent impending harms, not those harms that had already occurred." *Id.; see also Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* ...."). The danger must also be imminent at the time the complaint or appeal is filed. *See Abdul–Akbar,* 239 F.3d at 312 ("[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed.");

4

*Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) ("[T]he language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed....").

Although § 1915(g)'s "imminent danger" exception might appear clear in theory, in practice it represents an "amorphous standard." *Ciarpaglini*, 352 F.3d at 331. Courts have found imminent danger when a prisoner was placed near enemies who had beaten him, *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), when a prisoner suffered headaches and other symptoms as a result of exposure to dust and lint, *Gibbs v. Cross*, 160 F.3d 962 (3d Cir. 1998), and when a prisoner needed dental care due to an oral infection, *McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002). The denial or withdrawal of needed medications can also constitute an imminent danger. *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1346 (11th Cir. 2004) (withdrawal of medications for HIV and hepatitis); *Ciarpaglini*, 352 F.3d at 330 (denial of medication for bipolar, attention deficit, and panic disorders). But "[c]ourts ... deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331. For example, complaining two years later of inadequate protection from reprisals by other prisoners can hardly be said to be an allegation of "imminent" danger, *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003), just as working in inclement weather may not be "danger" at all, *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Courts also reject imminent danger claims when a prisoner alleges only a past injury that has not recurred. See, e.g., *Abdul–Akbar*, 239 F.3d at 315 (concluding that being sprayed with pepper spray on one occasion is not imminent danger); *Abdul–Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (concluding that being given Ibuprofen instead of a stronger pain medication for an injury that had already healed is not imminent danger). And "vague and utterly conclusory" assertions that medical treatment has been withheld, particularly when a prisoner has been seen repeatedly by a physician, do not amount to a showing of imminent danger. *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

*Ball v. Famiglio*, 726 F.3d 448, 467–68 (3d Cir. 2013) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

In the instant case, the complaint does not contain allegations that indicate Plaintiff is in imminent danger of any serious physical injury. *See* (Doc. 1). In the complaint, Plaintiff asserts this claim over the estate of Michael Scott Smith Jr., claiming that he "has been tenet of the named estate since the birth of the indigenous land estate infused into the embryo at the lands conception giving the offspring estate Michael Scott Smith Jr." (Doc. 1, at 3). Plaintiff contends "all claims against state, for any debts, taxes, money, assets, property,

services or credit in the performance of or as a result of any of the Defendants' official duties for any reason for any activities is null and void." (Doc. 1, at 3). The complaint alleges:

> The FRANCHISE, BIRTH, and/or TRUST CERTIFICATE was created and fraudulently and deceitfully, supposedly to aid in Census, as a means of identification, to document a birth, and for health reasons and purposes, the true nature of the BIRTH CERTIFICATE has been used as a unrevealed commercial agreement, an unconscionable adhesion contract, with an Agency of the federal, corporate United States, the Department of Commerce, the true nature of the DATE OF BIRTH is to execute the birth of the certificate by signing, filing and recording, not the person."

(Doc. 1, at 10).

In addition, Plaintiff claims the trust instrument deceived him "into an unrevealed contract attempting to place Estate/Vessel under the Jurisdiction of the Federal UNITED STATES OF AMERICA with its tax and regulating authority originating from the Department of Commerce . . . ." (Doc. 1, at 11). For relief, Plaintiff requests that the Court protect his interest and "Dissolve and Liquidate all the Trust's 'Cestui Que Vie' Assets and to Dissolve all Debts, Encumbrances, whether it be for Tax, Fee or Collection or Charge or Discharge by the Defendants or any Party deemed to have had any Liabilities in Connection of the Estate/Vessel." (Doc. 1, at 11).

Reviewing the *pro se* complaint, it is clear Plaintiff has plainly failed to allege any imminent danger of serious physical injury on July 11, 2022, the date the complaint was filed. (Doc. 1). The imminent danger exception is to provide a "safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar,* 239 F.3d at 315. Therefore, Plaintiff is barred from proceeding in this lawsuit *in forma pauperis* under 28 U.S.C. § 1915(g).

**II.    CONCLUSION**

Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **DENIED**, and Plaintiff is ordered to pay the applicable filing fee in full within thirty (30) days of the date of this Order or dismissal of this action will be recommended.

An appropriate Order follows.

Dated: September 8, 2022                                       *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **Chief United States Magistrate Judge**